1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10    SOUNDEXCHANGE, INC.,                    Case No. 2:25-cv-05454-HDV-BFM

11

12                    Plaintiff,              **ORDER RE DEFENDANT SONOS, INC.'S**
                                              **MOTION TO DISMISS OR TO STAY [26]**
13

14              v.

15

16    SONOS, INC., *et al.*,

17

18                    Defendants.

19

20

21

22

23

24

25

26

27

28

**I.    INTRODUCTION**

Plaintiff SoundExchange, Inc. brings this copyright action under 17 U.S.C. § 114(f)(3)(B) to recover royalty fees that Defendants Sonos, Inc. and Rhapsody International Inc. (doing business as "Napster") allegedly underpaid or did not pay.  But SoundExchange has already brought—and lost—a very similar action seeking to recover royalty fees under the same statute against Sirius XM Radio Inc.  In that case, the District Court for the Southern District of New York dismissed the action, holding that SoundExchange did not have a right of action to pursue such a claim. SoundExchange's appeal is currently pending.

Sonos now moves to dismiss *this* case on the basis of collateral estoppel.  Defendant Sonos, Inc.'s Motion to Dismiss, or in the Alternative, Motion to Stay ("Motion") [Dkt. 26].  In response, SoundExchange maintains that an exception to the preclusion doctrine applies here because the central dispute in both cases involves a pure legal issue.  Plaintiff SoundExchange Inc.'s Opposition to Motion ("Opposition") [Dkt. 31].

For the reasons discussed below, the Court concludes that collateral estoppel applies.  The so-called "pure legal question" exception—intended for questions that come up in wholly *unrelated* factual circumstances or subject matter—cannot be invoked here.  But because the *Sirius* appeal is still pending, the Court exercises its discretion to stay the present action until the appellate decision is rendered.

**II.    BACKGROUND**

SoundExchange brings the present action asserting claims against Sonos and Napster for alleged underpayment and nonpayment of statutory royalties under the Copyright Act.  Complaint [Dkt. 1] ¶¶ 41–57.  SoundExchange is designated by the Library of Congress to collect digital royalties from statutory license users and distribute them to performing artists and copyright owners. *Id.* ¶ 1.  It alleges that Sonos—through its streaming platform, Sonos Radio, which is powered by Napster—is a statutory licensee of SoundExchange's copyrighted sound recordings.  *Id.* ¶ 20, 24.  It avers that Sonos and Napster failed to pay late fees between May 2022 and April 2023 and failed entirely to pay royalties from October 2022 through April 2023 and thus owe "at least $3,423,844.41" in royalties, auditor fee-shifting costs, interest, and late fees (with the latter two

1  continuing to accrue).  *Id.* ¶¶ 29, 41, 45–47.  SoundExchange brings claims for underpayment and

2  non-payment of royalties under 17 U.S.C. § 114(f)(3)(B).  *Id.* ¶¶ 42–57.

3      SoundExchange also filed a very similar lawsuit against Sirius XM Radio Inc. in New York.

4  *See SoundExchange, Inc. v. Sirius XM Radio Inc.*, No. 1:24-cv-05491-NRB, 2025 WL 2257704, at

5  *3 (S.D.N.Y. Aug. 7, 2025).[1]  That Court found that section 114 of the Copyright Act does not

6  confer a private right of action on SoundExchange to litigate such royalty disputes.  *Id.* at *3–12.

7  SoundExchange thus did not have standing and the Court dismissed the case.  *Id.* at *9, 12.  Final

8  judgment was entered on that order.  *SoundExchange, Inc. v. Sirius XM Radio Inc.*, No. 1:24-cv-

9  05491-NRB (S.D.N.Y. Aug. 8, 2025) [Dkt. 87] ("*Sirius* Judgment").  SoundExchange has appealed,

10 and the matter is pending in the Second Circuit.  *SoundExchange, Inc. v. Sirius XM Radio Inc.*,

11 No. 25-2150 (2d Cir. appeal docketed Sept. 5, 2025).

12     Now before the Court is Sonos' Motion based on the preclusive effect of the *Sirius* case.

13 SoundExchange filed an Opposition, and Sonos a Reply [Dkt. 32].  The Court heard oral argument

14 on November 13, 2025, and took the Motion under submission.  [Dkt. 33].

15 **III.   LEGAL STANDARD**

16     Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim

17 upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Collateral estoppel can provide the

18 basis for such a motion.  *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1281–82 (9th Cir. 1986),

19 *abrogated on other grounds by*, *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991);

20 *see also* Karen L. Stevenson & James E. Fitzgerald, Rutter Group Practice Guide Federal Civil

21 Procedure Before Trial (Calif. and 9th Cir. Edition) ¶ 9:196.2 (2025).  A court ruling on a Rule

22 12(b)(6) motion to dismiss is limited to considering the pleadings, matters attached to or

23 incorporated by reference into the pleadings, and matters subject to judicial notice.  *See United*

---

[1] The Court takes judicial notice of both the Southern District of New York's and Second Circuit's dockets and orders in the *Sirius* case, some entries of which were submitted as exhibits to the Motion.  *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (taking judicial notice of order in another case to determine applicability of collateral estoppel).

States v. Corinthian Colls., 655 F.3d 984, 998–99 (9th Cir. 2011); *Tellabs, Inc. v. Makor Issues &*
*Rights, Ltd.*, 551 U.S. 308, 322 (2007).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control
the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and
for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).  Whether to grant a stay is within the
"sound discretion" of the trial court, and involves weighing "the competing interests which will be
affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.
1962).  The Court considers: (1) "the possible damage which may result from the granting of a stay";
(2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the
orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and
questions of law which could be expected to result from a stay."  *Id*. (citation omitted).

**IV.    DISCUSSION**

"Issue preclusion, or collateral estoppel, 'bars successive litigation of an issue of fact or law
actually litigated and resolved in a valid court determination essential to the prior judgment . . . .'
*Hansen v. Musk*, 122 F.4th 1162, 1173 (9th Cir. 2024) (quoting *Howard v. City of Coos Bay*, 871
F.3d 1032, 1040–41 (9th Cir. 2017)).  It applies when: "(1) the issue at stake was identical in both
proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a
full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits."
*Id.* (quoting *Howard*, 871 F.3d at 1041); *see also B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575
U.S. 138, 148 (2015) ("[W]hen an issue of fact or law is actually litigated and determined by a valid
and final judgment, and the determination is essential to the judgment, the determination is
conclusive in a subsequent action between the parties, whether on the same or a different claim."
(quoting Restatement (Second) of Judgments § 27 (1980)).

Sonos argues, SoundExchange does not dispute, and the Court finds that these four elements
are met here.  Motion at 4–6; *see generally* Opposition.  The issue of whether SoundExchange has a
right of action under section 114 of the Copyright Act (1) is identical in both this and the *Sirius* case;
(2) was actually ligated and decided in the previous case; (3) after a full and fair opportunity to do
so, which included full briefing, including amicus briefing; (4) and was necessary to decide the

merits.  Indeed, judgment in the *Sirius* action was entered on the dismissal specifically on the basis of the court's finding that there was no right of action.  *Sirius* Judgment.

Instead, SoundExchange contends that an exception to collateral estoppel applies here because the key issue purportedly involves a pure legal question.  Opposition at 4–6; *see United States v. Stauffer Chem. Co.*, 464 U.S. 165, 171 (1984) ("Our cases, however, recognize an exception to the applicability of the principles of collateral estoppel for 'unmixed questions of law' arising in 'successive actions involving unrelated subject matter.'" (quoting *Montana v. United States*, 440 U.S. 147, 162 (1979)); *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1086 (9th Cir. 2007) ("[I]ssue preclusion has never been applied to issues of law with the same rigor as to issues of fact." (citation omitted)).  The precise boundaries of this exception are not especially clear.  *See Stauffer*, 464 U.S. at 171 ("[W]e are frank to admit uncertainty as to its application.").  But it appears limited to very pure, or "unmixed," questions of law, that could and do come up in completely separate fact settings.  *Id.* at 171 (recognizing it for "*unmixed* questions of law" arising in "successive actions involving *unrelated subject matter*" (emphasis added)); *id.* at 172 ("[T]here is no reason to apply it here," in a case involving "virtually identical facts."); *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4425 (3d ed. 2025).

This case does not present such a pure and unrelated issue.  In the present case and the *Sirius* case, the same plaintiff—SoundExchange—is seeking to assert claims of exactly the same type, under the same statute, against defendants of exactly the same type, and the question is whether it has a cause of action to do so.  There has been no showing that this same issue is applicable to wholly unrelated subject matter.  For that reason, the question of law exception does not apply, and collateral estoppel does.  Indeed, courts in this district and circuit have applied collateral estoppel to other standing or jurisdictional questions.  *See Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 844 (9th Cir. 1979) (upholding dismissal based on collateral estoppel of a jurisdictional question); *Love v. Villacana*, 73 F.4th 751, 755 (9th Cir. 2023) (issue preclusion would apply to erroneous standing/jurisdiction determination, except that it was waived); *Physicians for Integrity in Med. Rsch., Inc. v. Hamburg*, No. LA-CV-1400755-JAK-JCx, 2014 WL 12591629, at *6 (C.D. Cal. Oct. 23, 2014) (applying collateral estoppel to standing question); *Alzheimer's Inst. of Am. Inc. v. Elan*

1  *Pharms., Inc.*, No. C-10-00482-EDL, 2012 WL 12920745, at *1–2 (N.D. Cal. Aug. 3, 2012)

2  (dismissing based on collateral estoppel on question of standing).[2]

3    The only remaining question, then, is how to implement collateral estoppel in this case given

4  the pending appeal in the *Sirius* case. On the one hand, a judgment is "final" and has "collateral

5  estoppel effect" even pending appeal. *Collins v. DR Horton, Inc.*, 505 F.3d 874, 882–83 (9th Cir.

6  2007); *see also Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988). On the other hand,

7  SoundExchange correctly points out that the *Sirius* order could be reversed on appeal, such that

8  "SoundExchange is not even permanently foreclosed in the *Sirius* case itself from suing to recover

9  unpaid royalties." *See* Opposition at 6. The options the parties have proposed include dismissal

10  with prejudice; dismissal without prejudice to refiling if *Sirius* is reversed and explicitly tolling the

11  statute of limitations during the pendency of the *Sirius* appeal; or a stay pending final, non-

12  appealable judgment in the *Sirius* case. Motion at 6; Opposition at 6–7; Reply at 1 n.1.

13    The Court agrees with SoundExchange that a dismissal with prejudice would be premature at

14  this point, and further concludes that a stay pending a final, non-appealable judgment (which could

15  include several trips up and down the court system, including to the Supreme Court) would have too

16  long and uncertain a duration. The Court therefore finds that a more limited stay of this action is

17  appropriate. *See Collins*, 505 F.3d at 883 ("[P]otential problem[s]" with the collateral estoppel

18  effects of judgments that could still be reversed "can be 'avoided [] by delaying further proceedings

19  in the second action pending conclusion of the appeal in the first action.'"). The present case will be

20

---

21  [2] Plaintiffs' cases are largely distinguishable. *See GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship*

22  *v. JPMorgan Chase Bank*, No. 2:10-CV-01615-JHN-SHx, 2010 WL 11463182, at *5 (C.D. Cal. July 7, 2010), *aff'd*, 671 F.3d 1027 (9th Cir. 2012) (declining to apply *offensive* non-mutual collateral

23  estoppel in part because the preclusive judgment, which was pending on appeal, was insufficiently "firm," and then discussing the legal question exception); *Rogers v. Seibert*, No. 1:10-CV-00589-

24  SMS, 2012 WL 602835, at *9 (E.D. Cal. Feb. 23, 2012) (declining to apply collateral estoppel because allegedly preclusive opinion did not involve identical issues, the decision of the issue was

25  not essential to the judgment, and was not lost as a result of the final judgment, and then discussing the legal question exception); *Segal*, 606 F.2d at 845 (collateral estoppel did not apply to question of

26  the appropriate remedy since it "was not actually litigated in the earlier case," and even if it had been, it was an issue of law and "a new determination [was] warranted in order to take account of an

27  intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws"); *United States v. Moser*, 266 U.S. 236, 241 (1924) (preclusion applied).

28

stayed until two weeks after the issuance of the Second Circuit's order on the appeal in the *Sirius* action.  At that point, the parties can present their respective positions on what effect, if any, the *Sirius* appellate decision has on the Court's collateral estoppel analysis here.

      With that time frame, the relevant factors weigh in favor of a stay.  SoundExchange will not be irreparably harmed by the stay, as it seeks to recover only monetary damages and the interest that continues to accrue will adequately compensate it for any additional delay.  *See W. Am. Ins. Co. v. Pro-Com Prods., Inc.*, No. 2:23-cv-04384-HDV-AGRx, 2024 WL 2107718, at *3 (C.D. Cal. Apr. 15, 2024) ("A delay in recovering potential monetary damages is not sufficient harm."); Complaint ¶¶ 18, 41; *see also* Reply at 6 & n.5.  There has been no showing of a likelihood that evidence will be lost during the stay.  On the other hand, Sonos could well be irreparably harmed in the *absence* of a stay since it would be required to expend resources litigating a case that, if the *Sirius* decision is upheld, likely must be dismissed.  Indeed, on the Court's view the stay will likely simplify (or completely dispose of) the issues, avoid the potential for inconsistent rulings, and promote judicial efficiency.

## V.   CONCLUSION

      For the foregoing reasons, the Motion is granted in part.  The case is stayed until the Second Circuit issues its order in *SoundExchange, Inc. v. Sirius XM Radio, Inc.*, No. 25-2150.[3]  Once that occurs, the parties are ordered to meet and confer and file a joint status report within two weeks.  At that point, this Court will schedule a status conference to determine whether and how this case should proceed.

Dated: December 9, 2025

_____

Hernán D. Vera
United States District Judge

---

[3] To the extent SoundExchange requests the ability to conduct discovery even during a stay, arguing that the efficiencies of a stay can nonetheless be achieved with limited discovery, *see* Opposition at 9–10, the Court disagrees.  A stay is a stay.